**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald Kenard DAVIS, Defendant–
Appellant.**

No. 93–3091.

United States Court of Appeals,
Tenth Circuit.

May 16, 1995.

---

Randall K. Rathbun, U.S. Atty. by T.G. Luedke, Asst. U.S. Atty., Topeka, KS, for plaintiff-appellee.

Michael G. Katz, Federal Public Defender by Jenine Jensen, Asst. Federal Public Defender, Denver, CO, for defendant-appellant.

Before MOORE and TACHA, Circuit Judges, and ALSOP, Senior District Judge.*

---

* The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota, sitting by designation.

ALSOP, Senior District Judge.

Donald K. Davis ("Davis") appeals from his conviction for possession of cocaine with intent to distribute; possession of cocaine base ("crack") with intent to distribute; conspiracy; and two counts of using a firearm in relation to a drug trafficking crime. He raises four issues on appeal: (1) whether the trial court's jury instruction regarding the use of a firearm in relation to a drug trafficking offense was erroneous; (2) whether the trial court's jury instructions constructively amended the § 924(c) offenses charged in the Indictment; (3) whether sentencing Davis for two § 924(c) convictions was proper; and (4) whether the alleged delay in adjudicating Davis's appeal violated his due process rights. We affirm the judgment of conviction and sentence.

### I.

The instant convictions arose from an incident that occurred on July 20, 1992. On that day, Officer Jim Weigel ("Officer Weigel") stopped appellant Davis and his co-defendant, Christopher Lewis ("Lewis"), in a rental car in Kansas for speeding. Davis was the driver of the vehicle. The men said that they were en route from California to Chicago for a family reunion. Officer Weigel ran records checks on their licenses, after which he spoke to each man separately. While speaking with Lewis, Officer Weigel detected the odor of alcohol coming from the car's interior. Officer Weigel asked Lewis if he had been drinking, and Lewis told him that he had a beer at a rest area. Lewis showed the officer the empty beer can. Officer Weigel determined he had probable cause to search the car for additional open containers. Officer Weigel radioed for help to conduct the search.

The search did not turn up additional open containers, but the officers found a loaded .25 caliber semi-automatic pistol and a cellular phone in the glove compartment. During the search, Officer Weigel became suspicious that the men were involved in drug trafficking. He gave Davis a warning ticket for the traffic violation and returned Lewis's and Davis's drivers' licenses. He then asked for permission to search the car for drugs, and Davis allegedly consented.

Officer Weigel searched the trunk, where he found approximately one kilogram of cocaine in the wheel well. The men were arrested and the car was impounded. During an inventory search the next day, a .22 caliber revolver was discovered in a briefcase in the trunk, and approximately 300 grams of crack cocaine were discovered in a gym bag in the trunk.

An Indictment was filed, charging Davis and Lewis with the following: possession of cocaine with intent to distribute (Count 1); possession of cocaine base ("crack") with intent to distribute (Count 2); conspiracy (Count 3); using or carrying a .25 caliber firearm in connection with possession of powder cocaine (Count 4); and using or carrying a .22 caliber firearm in connection with possession of crack cocaine (Count 5). Davis's and Lewis's trials were severed. After being convicted at a separate trial, Lewis appealed. This Court affirmed Lewis's conviction in *United States v. Lewis,* 24 F.3d 79 (10th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 271, 130 L.Ed.2d 189 (1994).

On December 4, 1992, the jury convicted Davis as charged. Davis was sentenced on February 12, 1993. He received 120 months on the drug counts (Counts 1–3). The court imposed a five year sentence on each firearm count (Counts 4 & 5), to run consecutive to the drug counts and consecutive to each other. Davis's total sentence was 20 years imprisonment, 5 years supervised release, and a $250.00 special assessment. This appeal followed.

### II.

The Court shall initially consider Davis's argument that the trial court's jury instruction regarding the use of a firearm in relation to a drug trafficking offense was erroneous. Because Davis apparently failed to object at trial to the jury instruction about which he now complains, a "plain error" standard of review is proper. *United States v. Ellzey,* 936 F.2d 492, 500 (10th Cir.), *cert. denied,* 502 U.S. 950, 112 S.Ct. 400, 116 L.Ed.2d 350 (1991). Plain error is error that

affects the fundamental right of a defendant to a fair and impartial trial. *Id.*

The jury instruction at issue provides as follows:

### INSTRUCTION NO. 23

Counts 4 and 5 of the Indictment charge the defendant with using a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1).

Title 18, United States Code, Section 924(c)(1) states:

Whoever, during and in relation to any . . . drug trafficking crime for which he may be prosecuted in a court of the United States, uses . . . a firearm, shall be guilty of a violation of the laws of the United States.

In order to find the defendant guilty, the government must prove all of the following elements beyond a reasonable doubt for each of the counts charged:

*First:* That the defendant committed one or both of the drug trafficking crimes charged in counts 1 and 2 of the Indictment;

*Second:* That during and in relation to the commission of such crime or crimes, the defendant used the specific firearm alleged in the Indictment; and

*Third:* That such act was done knowingly.

You are instructed that the offenses alleged in Counts 1 and 2 of the Indictment are drug trafficking crimes.

The phrase "uses a firearm" means having a firearm available to assist or aid in the commission of the crime alleged in Counts 1 and 2 of the Indictment.

Jury Inst. No. 23.

■ Davis contends that this jury instruction afforded the jury the opportunity to convict Davis of two § 924(c) firearm counts based on one underlying offense. Multiple § 924(c) convictions based on a single underlying offense violate the Double Jeopardy Clause. *United States v. Johnson,* 977 F.2d 1360, 1377 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1024, 122 L.Ed.2d 170 (1993). Multiple § 924(c) convictions can, however, be based on separate counts if the reviewing court can determine "whether the jury linked each alleged § 924(c) violation to a separate underlying offense." *Id.; see also United States v. Cappas,* 29 F.3d 1187, 1190 (7th Cir.1994). Davis argues that such a determination cannot be made in this case.

The trial court instructed the jury that, to find the defendant guilty of Counts 4 and/or 5 (the firearm charges), he had to be found guilty of Counts 1 and/or 2 (the drug charges), *and* the jury had to determine that Davis used the *"specific"* firearm charged in the Indictment with each underlying offense. *See* Jury Inst. No. 23 (emphasis added). The Indictment specifically charges Davis with using or carrying a .25 caliber firearm in connection with possession of powder cocaine (Count 4), and with using or carrying a .22 caliber firearm in connection with possession of crack cocaine (Count 5). *See* Jury Inst. No. 2.

Reading Jury Instruction No. 23 in light of the Indictment, we are able to determine that the jury linked each alleged § 924(c) conviction to a separate underlying offense, because each count of the Indictment clearly pairs one of the firearms to one of the drug charges. *See Johnson,* 977 F.2d at 1377; *United States v. Laughlin,* 26 F.3d 1523, 1528 (10th Cir.) (holding that jury instructions are reviewed in their entirety), *cert. denied,* —— U.S. ——, 115 S.Ct. 428, 130 L.Ed.2d 342 (1994). We find it significant, therefore, that the Indictment was included in the jury instructions, and that several copies of the jury instructions were given to the jury before deliberations began. *See* (Jury Inst. No. 2; T. at 372). We conclude that Jury Instruction No. 23 was not erroneous.

### III.

■ We next address whether the same jury instruction constructively amended the § 924(c) offenses charged in the Indictment. A variance becomes a constructive amendment if the evidence presented at trial and the instructions raise the possibility that a defendant may have been convicted on a

charge other than that alleged in the Indictment. *Hunter v. New Mexico,* 916 F.2d 595, 599 (10th Cir.1990), *cert. denied,* 500 U.S. 909, 111 S.Ct. 1693, 114 L.Ed.2d 87 (1991). A variance that expands the Indictment is considered a constructive amendment and is per se reversible error. *Id.* A variance that does not rise to the level of a constructive amendment does not require reversal.

■ Davis argues that the jury instructions constructively amended the Indictment because the Indictment linked each firearm to a specific drug charge, whereas Jury Instruction No. 23 allegedly led the jury to believe that either firearm could be paired with either drug charge. We find that a constructive amendment did not occur for reasons given in the previous section. The jury instructions, read in their entirety, clearly required the jury to pair each firearm with a specific drug charge. *See Laughlin,* 26 F.3d at 1528.

### IV.

■ Davis argues that he should not have been sentenced for two § 924(c) convictions because the two drug counts constitute a single underlying offense for double jeopardy purposes. *See United States v. Sturmoski,* 971 F.2d 452, 461 (10th Cir.1992). The government argues that, if possession with intent to distribute crack and powder cocaine are separate offenses, multiple consecutive punishments may be imposed. If they are not, however, the government agrees with Davis that Davis may be sentenced for only one of the § 924(c) convictions.

This Court has previously held that if two underlying offenses constitute separate offenses for double jeopardy purposes, "then two consecutive sentences may be imposed under 924(c)." *Id.* The law has consistently distinguished between crack and powder cocaine. *See United States v. Easter,* 981 F.2d 1549, 1558 (10th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 2448, 124 L.Ed.2d 665 (1993). As a result, we find that possession with intent to distribute crack and possession with intent to distribute powder cocaine are separate offenses for double jeopardy purposes. Since they are separate predicate offenses, each can form the basis of a separate § 924(c) conviction. *See Sturmoski,* 971 F.2d at 461.

### V.

■ Finally, Davis argues that undue delay in adjudicating his appeal violated his due process rights. In determining whether delay in adjudicating a petitioner's direct criminal appeal violated the petitioner's due process rights, we must balance the following factors: 1) the length of the delay; 2) the reason for the delay and whether that reason is justified; 3) whether the petitioner asserted his right to timely appeal; and 4) whether the delay prejudiced the petitioner. *Harris v. Champion,* 15 F.3d 1538, 1559 (10th Cir. 1994).

■ In general, the passage of two years creates a presumption of inordinate delay on appeal. *Id.* at 1561. However, the "particular circumstances of a case may warrant a finding that the passage of less than two years constitutes inordinate delay or that the passage of more than two years does not." *Id.* Delay substantially beyond two years, "at least in a case that does not warrant a lengthier appellate process, will reduce the burden of proof on the other three factors necessary to establish a due process violation." *Id.* at 1562.

Having carefully balanced the four factors set forth in *Harris,* we find that the petitioner's due process rights have not been violated. Only slightly more than two years have passed since Davis was sentenced on February 12, 1993, and the majority of the delay is attributable to Davis's retained attorney, William Betts ("Betts"), who represented Davis until April 12, 1994. On June 17, 1994, only two months after Betts was stricken as counsel by this Court for failure to prosecute Davis's appeal, a federal public defender was appointed to represent Davis on appeal. Once the public defender was appointed, Davis's appeal proceeded in a timely manner. In addition, we find that any delay that occurred has not prejudiced the petitioner. We hold, therefore, that Davis's due process rights have not been violated.

Accordingly, the judgment of conviction and sentence is **AFFIRMED**.