**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4629**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUTHUS AZAM IVEY, a/k/a Toot,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:16-cr-00042-FDW-DSC-4)

Submitted:  May 17, 2018                    Decided:  May 18, 2018

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Haakon Thorsen, THORSEN LAW OFFICES, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruthus Azam Ivey pled guilty to conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), & 846 (2012) (Count 1), conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), & 846 (2012) (Count 2), and possession with intent to distribute cocaine, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (2012) (Count 57). He timely appealed. Ivey's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no appealable issues, but questioning whether the district court violated the prohibition against double jeopardy and challenging the reasonableness of the sentence. Although advised of his right to file a pro se supplemental brief, Ivey did not file one. The Government has declined to file a response brief. For the reasons that follow, we affirm.

Counsel for Ivey contends that the district court violated the prohibition against double jeopardy by imposing judgment on both the crack conspiracy and the cocaine conspiracy counts. Under *Blockberger v. United States*, 284 U.S. 299 (1932), separate penalties may be imposed based on a single act or transaction if each crime requires proof of an element that the other does not. *Id*. at 304. Here, the crack cocaine and powder cocaine conspiracy offenses are distinct under *Blockberger* because each requires an element that the other does not: namely, the identity of the drug. *United States v. Davis*, 55 F.3d 517, 521 (10th Cir. 1994) (holding that "[p]ossession with intent to distribute crack and possession with intent to distribute powder cocaine are separate offenses for double jeopardy purposes"); *cf. United States v. Travillion*, 759 F.3d 281, 298 (3d Cir.

2

2014) ("Congress intentionally created separate statutory provisions and, more importantly, separate punishments" for crack and powder cocaine).  Thus, Ivey's protection against double jeopardy was not compromised.

Next, Ivey challenges his sentence.  We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 46 (2007).  We first ensure that the court "committed no significant procedural error," such as improper calculation of the Sentencing Guidelines, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, or inadequate explanation of the sentence imposed.  *United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted).  If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances."  *Gall*, 552 U.S. at 51.  We presume that a within-Guidelines sentence is substantively reasonable.  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).  Ivey bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Our review of the record convinces us that Ivey's sentence is reasonable.  The court properly calculated the applicable Sentencing Guidelines range, considered the parties' sentencing arguments, and provided a reasoned explanation for the sentence it imposed, grounded in the § 3553(a) factors.  Although Ivey argues that the court erred by applying criminal history points to convictions he claims were expunged, the documents he submitted show that some convictions were expunged but not the criminal domestic violence and crack distribution convictions for which he was assigned criminal history

3

points.  Furthermore, we conclude that the district court did not err in assigning a criminal history point to Ivey's criminal domestic violence conviction, because sentence was imposed for that offense within 10 years of the commencement of the instant offenses.  U.S. Sentencing Guidelines Manual § 4A1.2(e)(2) (2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Ivey, in writing, of the right to petition the Supreme Court of the United States for further review.  If Ivey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Ivey.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*