**HARRIS v. UNITED STATES.**

**MITCHELL v. UNITED STATES.**

**TILLERY v. UNITED STATES.**

**PEARSON v. UNITED STATES.**

**PARKER v. UNITED STATES.**

Nos. 4254–4258.

United States Court of Appeals
Tenth Circuit.
July 2, 1951.

504

Creekmore Wallace, Oklahoma City, Okl. (C. Lewis Dollarhide, Oklahoma City, Okl., on the brief), for appellants.

Harry G. Foreman, Asst. U. S. Atty., Norman, Okl. (Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., on the brief), for appellees.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

BRATTON, Circuit Judge:

The indictment in this case contained twenty counts. The third count charged that John A. Pearson engaged in carrying on the business of a wholesale dealer in liquor in Pottawatomie County, Oklahoma, and wilfully failed to pay the special tax imposed by sections 3250 and 3254 of the Internal Revenue Code as required by section 3271(a). 26 U.S.C.A. §§ 3250, 3254, 3271(a). The fourth count charged that S. O. Harris while engaged in carrying on the business of a wholesale dealer in liquor neglected and refused to keep and file records in the form prescribed by the Commissioner of Internal Revenue. The fifth count charged that Harris engaged in carrying on the business of a wholesale dealer in liquor and wilfully failed to pay the special tax. The sixth count charged that during the fiscal year 1950 Otis V. Tillery was engaged in carrying on the business of a wholesale dealer in liquor and wilfully failed to pay the special tax; and the seventh count charged a like offense against Tillery during the fiscal year 1951. The ninth count charged that Steve Mitchell, Jr., engaged in carrying on the business of a wholesale dealer in liquor and wilfully failed to pay the special tax; and the thirteenth count charged a like offense against Lloyd A. Parker and Nolan W. Waymon. Each of the defendants entered a plea of nolo contendere to the charge or charges against him. Pearson was sentenced on the third count to imprisonment for a term of eighteen months and to pay

a fine of $1,000. Harris was sentenced to imprisonment for a period of two years on each of the fourth and fifth counts and to pay a fine of $1,000 on each of such counts, with the provision that the sentences of confinement should run concurrently. Tillery was sentenced to imprisonment for a period of eighteen months on each of the sixth and seventh counts and to pay a fine of $1,000 on each of such counts, with the provision that the sentences of confinement should run concurrently. Mitchell was sentenced on the ninth count to imprisonment for a term of two years and to pay a fine of $1,000. And Parker was sentenced on the thirteenth count to imprisonment for a term of one year and one day and to pay a fine of $100. Appeals were seasonably perfected.

■ Appellant Harris advances the contention that there was such inconsistency between the fourth and fifth counts of the indictment that the sentences imposed upon him under them should not be permitted to stand. And as we understand, appellant Tillery presents a somewhat similar contention in respect to the sixth and seventh counts and the sentences imposed upon him under them. The question was not presented to the trial court in any form. Inconsistency, duplicity, or repugnancy in an indictment must be seasonably challenged by motion to quash, demurrer, or motion to require the government to elect. And if not raised in one of such methods it is waived. The objection comes too late when raised for the first time on appeal. Lemon v. United States, 8 Cir., 164 F. 953; Yates v. United States, 9 Cir., 151 F.2d 580; Beauchamp v. United States, 6 Cir., 154 F.2d 413, certiorari denied, 329 U.S. 723, 67 S.Ct. 66, 91 L.Ed. 626.

■ Though couched in other language, appellants Pearson, Tillery, Mitchell, and Parker each contend in effect that in the light of certain facts apparent upon the face of the record and not denied by the government, they should have been granted immunity from punishment. At the time the pleas of nolo contendere were entered, the causes were referred to the probation officer for investigation and report. The investigation was made, reports were sub-

mitted, and the court considered the reports in connection with the fixing of the punishment but their text or substance is not shown in the record. At the time the sentences were imposed, the attorney for appellants made a statement to the court. The facts stated were in the nature of extenuating or mitigating facts and circumstances. They did not point to innocence of the offenses charged in the indictment. After imposition of the sentences, appellants each filed a separate motion to modify or reduce the sentence. When the motions came on for hearing the attorney for appellants stated the nature of evidence which he desired to submit in support of the motions, and the government through its counsel agreed that the witnesses would testify substantially as stated. But all of this does not avail appellants anything on appeal. They entered their pleas of nolo contendere. Otherwise than creating an estoppel, their pleas had all of the force and effect of pleas of guilty. United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076; Fisher v. Schilder, 10 Cir., 131 F.2d 522. By their pleas appellants each for himself admitted all of the facts well pleaded in the indictment against him. Bugg v. Hudspeth, 10 Cir., 113 F.2d 260; Godish v. United States, 10 Cir., 182 F.2d 342. And they cannot now be heard to say that despite their pleas, they were entitled to immunity or exoneration.

■ The final contention presented is that the judgment and sentence imposed upon each of the appellants was excessive, unjust, and unwarranted; and was in truth and in fact a judgment and sentence for the violation of state law. In each instance, the sentence imposed was within the limits prescribed by the applicable statute. The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter for legislative judgment and discretion. And it is well settled that a sentence within the limits prescribed by the statute will not be disturbed on the ground that it is excessive unless it is clearly and manifestly cruel and unusual. Bailey v. United States, 10 Cir., 74 F.2d 451; Moore v. Aderhold, 10 Cir., 108 F.2d 729; Welch v. Hudspeth,

10 Cir., 132 F.2d 434. There is nothing whatever to indicate that either of the several sentences now under review was cruel and unusual. Obviously in response to the statement of counsel that the appellants were good citizens and that extenuating circumstances existed, the court observed that while appellants were not charged with violating state law, it was apparent that everything they did was a violation of the law of the state; that they knew it; and that while the violation of state laws was not the charge against them, in weighing their intent and general attitude the court could take into consideration the fact that they knowingly engaged in the violation of state law. But the judgments and sentences were in no sense imposed as punishment for the violation of the law of the state.

The judgments are severally affirmed.