**UNITED STATES of America,**
Appellee,

v.

**William James HENRY, Appellant.**

**No. 73–1904.**

United States Court of Appeals,
Tenth Circuit.

Argued Aug. 22, 1974.

Decided Oct. 23, 1974.

Rehearing Denied Dec. 9, 1974.

Charles D. McAtee, of Eidson, Lewis, Porter & Haynes, Topeka, Kan., for appellant.

Bruce E. Miller, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., with him on the brief), for appellee.

Before HILL, SETH and Mc-WILLIAMS, Circuit Judges.

SETH, Circuit Judge.

William James Henry appeals from a judgment entered on a verdict of guilty of one count of violating 18 U.S.C.App. § 1202(a)(1). The defendant raises four major points in this appeal attacking his conviction: (1) that the statute, 18 U.S.C.App. § 1202, making it unlawful for a person with a felony conviction to possess a firearm, is unconstitutional in that it violates equal protection; (2) that certain evidence should have been excluded as the result of an unconstitutional search and seizure; (3) the indictment is duplicitous and was materially altered by the trial judge; and (4) several objections are raised to the instructions given to the jury.

The defendant had been convicted of a felony, and was employed by a bail bondsman in Topeka, Kansas. While apprehending a bond-jumper for whom he held a bench warrant, Henry carried a Smith and Wesson revolver which he had obtained from the bonding company's office. During his scuffle with Randy DeHart, the bond-jumper, the gun discharged, but no one was injured. This gun had been manufactured in Massachusetts and initially shipped to California from the factory. Two police officers observed the scuffle, heard the shot, and saw the gunsmoke. They went to the scene, where they found Henry in or entering the driver's seat of his car and DeHart handcuffed on the passenger side next to him. One of the officers then drew his own weapon, and asked Henry to hand over his gun, although he could not see the gun at that time. The two officers recognized Henry as they approached the car, and they knew him to be a bail bondsman. One also knew there was a warrant out for DeHart's arrest. DeHart was taken into custody by the officers, who also took the gun they had taken from Henry to the station for an NCIC check. Henry followed the officers to the station, and the gun was returned to him after the check revealed nothing.

A few days after the above incident, the defendant was indicted for a violation of 18 U.S.C.App. § 1202(a), which reads in part:

"Any person who—

"(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or

.    .    .    .    .    .

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

Trial was held, and judgment entered on a jury verdict of guilty.

The defendant attacks the constitutionality of 18 U.S.C.App. § 1202(a) as denial of equal protection under the due process clause of the Fifth Amendment. He relies on United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488. In *Bass* the Court held that a nexus with interstate commerce was an essential element of a prosecution under section 1202(a), whether defendant is charged with possessing, receiving, transporting, or a combination thereof. In explaining that the phrase, "in commerce, or affecting commerce," modifies *possesses* and *receives* as well as *transports*, the Court also described these as three *offenses*. This language provides a part of the basis for the appellant's second point on appeal.

Appellant argues that by requiring a nexus with commerce for a possession to be in violation of section 1202(a), Congress has created two classes of convicted felons to whom the statute does not apply equally. He claims that a felon who possesses a gun manufactured in the state of possession is not in violation of section 1202(a), whereas a felon who possesses a gun manufactured in another state is subject to section 1202(a) since the gun has traveled in interstate commerce to reach the state of possession. This argument, of course, considers the effect or application of the statute generally, and not the internal construction of the Act.

The nexus specified in section 1202(a), traveling "in commerce" *or* "affecting commerce," is of course a jurisdictional one. The hypothetical felon in Henry's argument who possessed a gun which had never left the state would be subject to prosecution under section 1202(a) if his possession were shown to "affect commerce." The classification drawn is between possessions (receipts and transportations) of guns by felons which do affect commerce and those which do not. Thus the classification is acts which fall within the power of Congress to regulate, and acts which are beyond the power of Congress. This has been upheld as a reasonable basis for legislation which does not violate the principles of equal protection. Packer Corp. v. Utah, 285 U.S. 105, 52 S.Ct. 273, 76 L.Ed. 643.

As to the search issue, Henry moved without success prior to trial to suppress all the evidence in the case on the ground that it was the fruit of an illegal search and seizure by the two officers. The trial judge found that the officers were justified in investigating the scuffle and in seizing the gun, relying on Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Appellant also urges the *Terry* case in support of his contention.

Henry argues that the officers knew him to be a bondsman and knew that there was a warrant for DeHart's arrest. His apprehension of DeHart was lawful, and the officers therefore had no reason to fear for their own safety, as in the *Terry* situation. Since Henry was not placed under arrest by the officers, the search and seizure cannot be justified as incident to a lawful arrest. The warrantless search and seizure, he urges, are therefore unreasonable under the Fourth Amendment.

In applying the principles of *Terry* to this case, we find that the officers were justified in stopping Henry and in "seizing" his weapon. Having

seen a scuffle, heard a shot, and seen a puff of gunsmoke, these facts would obviously arouse and justify an inquiry into the incident by the officers. The officers were justified in asking for the weapon, and their knowledge that Henry was a bondsman and DeHart a bond-jumper does not alter this. It was certainly a possibility that the gun that discharged was not Henry's. The officers never saw the gun until Henry produced it at their request. *Terry* allows a limited search for weapons that may be used to harm others as well as the officer in the context of the stop incident.

After the initial "stop," *Terry* holds that the "frisk" or search must be separately justified, and must be reasonably related in scope to the circumstances justifying the "stop" in the first place. Having witnessed a scuffle in which a gun was discharged, the officers stopped Henry and found DeHart handcuffed in Henry's car. We cannot say that it was unreasonable for the officers to take the precautions they did. Balancing the reasonableness of the search against the invasion of Henry's privacy and person, we find that there was no violation of the Fourth Amendment proscription of unreasonable searches and seizures. We do not consider this to be the typical automobile situation although the defendant was apparently just getting into the car when the officers arrived. Also the Government does not urge there was an arrest to raise the problems of Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456, and Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325.

The defendant on appeal urges that the indictment is duplicitous. It in part charges the defendant as ". . . being a person who had been convicted by a court of the State of Kansas of a felony [who] did knowingly and unlawfully receive, possess or transport in commerce or affecting commerce a firearm, . . ."

■ The proper way to attack a duplicitous indictment is by a motion to elect. Harris v. United States, 190 F.2d

503 (10th Cir.). Under Rule 12(b)(2), Fed.R.Crim.P., this is a motion which must be made prior to trial or it is waived. When the defendant entered his plea, he also filed motions to dismiss and to suppress evidence. He did not raise the question of a multiple charge in the indictment until the day of the trial, when he moved to delete the words, "receive," "or transport." If it be assumed this complies with the rule, we nevertheless do not find the indictment to be fatally defective.

■■ The indictment alleges the essential elements of section 1202(a)(1), and under the standard in Smith v. United States, 273 F.2d 462 (10th Cir.), we must conclude that it did not hinder the defendant in the preparation of his defense since he did not raise the issue until the opening of the trial. Also for purposes of barring a future prosecution, it is the judgment and not the indictment alone which acts as a bar, and the entire record may be considered in evaluating a subsequent claim of double jeopardy. Robbins v. United States, 476 F.2d 26 (10th Cir.); Nunley v. United States, 339 F.2d 442 (10th Cir.); Flores v. United States, 338 F.2d 966 (10th Cir.). The case law supports the conclusion that he could not again be charged with any of the three, or any combination thereof. The indictment was sufficient, and does not provide any basis for relief from the conviction.

At the close of all the evidence, the trial judge announced that he was withdrawing the allegations in the indictment that the act was committed "knowingly" or "unlawfully" from the jury's consideration. The jury was instructed that these allegations were mere surplusage, and that their verdict should be based on the remaining portions of the indictment which were read to them.

■ Although "knowingly" and "unlawfully" are not elements of the statute, appellant contends that they cannot be stricken from the indictment without materially altering the offense charged. We have held that mere surplusage in an

indictment can be disregarded and the remainder of the indictment will be valid if sufficient remains to charge a crime. United States v. Archer, 455 F. 2d 193 (10th Cir.); United States v. Harvey, 428 F.2d 782 (9th Cir.). The addition of an issue by careless drafting cannot give the defendant a windfall. The terms, "knowingly" and "unlawfully," introduced an element which the statute does not require the prosecution to prove, and thus is clearly surplusage.

Appellant has raised numerous objections to the jury instructions which he asserts as error. We have examined those in detail and find no reversible error. Also we have considered the other issues raised by appellant and find them to be without merit.

The judgment is affirmed.