81 F.3d 173
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy VIALPANDO, Plaintiff-Appellant,
v.
Patrick J. SULLIVAN, Jr.; Frank W. Henn, Defendants-Appellees.
 No. 95-1211.
(D.C.No. 94-N-1733)
 United States Court of Appeals,
Tenth Circuit.
 March 22, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BRISCOE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Timothy Vialpando appeals from an order of the district court granting defendants' motion for summary judgment on his claims brought pursuant to 42 U.S.C.1983. We affirm.
 
 
 3
 Vialpando alleged defendants violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments during his approximate three-month incarceration in the Arapahoe County Detention Facility (ACDF). Specifically, he alleged he was denied the right to practice his religion, was forced to endure unsafe and unsanitary cell and living conditions, was subjected to psychological and physical abuse, and was denied access to the courts and legal confidentiality. The district court granted defendants' motion for summary judgment, holding that the record did not support Vialpando's claims.[2]
 
 
 4
 Vialpando was housed in the ACDF before and during his trial on first degree murder charges for killing a Denver County deputy sheriff during an escape attempt. While housed in the ACDF, he was placed in administrative segregation for security and safety reasons because of his history of escapes and of violence toward the police.
 
 
 5
 Vialpando alleged he was denied the right to practice his religion because he was not allowed to attend church services or to see a chaplain. Defendants stated Vialpando was not permitted to attend church services or see a chaplain because of security concerns. Vialpando does not contest defendants' statement that he was provided access to religious materials but did not request them.
 
 
 6
 Religious practices may be limited by legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987). Safety is a legitimate penological interest. Hall v. Bellmon, 935 F.2d 1106, 1113 (10th Cir.1991). Defendants' concerns here were clearly warranted. Indeed, while Vialpando was in administrative segregation, defendants discovered several items he had fashioned which could have been used for escape purposes. The restrictions were warranted both to prevent Vialpando access to others who could pass contraband to him, and for the safety of anyone who could have been used as a hostage.
 
 
 7
 Vialpando argues he was forced to endure unsafe and unsanitary cell and living conditions, in violation of his Eighth Amendment rights. The record shows that Vialpando filed a complaint with defendants, who agreed that the shower area was unsanitary and arranged to have it cleaned. Vialpando's other complaints as to the living conditions and any psychological and physical abuse he allegedly experienced are conclusory. Conclusory allegations are not actionable. See Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir.1995).
 
 
 8
 Vialpando also argues he was denied access to the courts. "[P]risoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). Therefore, prison authorities must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. During the time Vialpando was housed at the ACDF, he was on trial for the murder of the sheriff's officer and was represented by two attorneys. His access to counsel during this period of confinement in the ACDF satisfies constitutional requirements. See Love v. Summit County, 776 F.2d 908, 914 (10th Cir.1985), cert. denied, 479 U.S. 814 (1986).[3]
 
 
 9
 Vialpando appears to argue that he needed access to the law library because his attorneys were not filing motions he felt needed to be filed and were not performing properly in his criminal case. To support his denial of access to a law library claim under 42 U.S.C.1983, Vialpando would have to first establish that his attorneys were ineffective. Were Vialpando to assert an ineffective assistance of counsel claim, he would have to assert that claim in a post-trial appeal or a habeas proceeding. Only after a plaintiff has established that his conviction or sentence is invalid can a plaintiff then assert a 1983 claim for damages caused by unlawful government actions which resulted in his invalid conviction or sentence. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). If the conviction or sentence has not been so invalidated, an action under 1983 is not cognizable. Id.
 
 
 10
 Finally, Vialpando alleged that his constitutional right to legal confidentiality had been violated because he had to disclose his defense strategy and communications with his defense counsel when filling out request forms for legal materials. In the absence of Vialpando's showing that his attorneys were ineffective, he has failed to establish any necessity to seek legal materials. This claim is without merit.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 In their brief in support of their motion for summary judgment, defendants correctly stated they could not be held liable in their official capacities for the alleged constitutional violations because plaintiff did not assert that the acts occurred pursuant to a policy or custom of the sheriff's department. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). They also correctly asserted they could not be held liable under a respondeat superior theory. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). However, defendants did not assert that plaintiff had named the wrong party defendants because they were not personally involved in the alleged unconstitutional acts. Therefore, we address plaintiff's claims on the merits
 
 
 [3]
 We note that while Vialpando had a constitutional right to represent himself at trial, he had no right to a "hybrid" type of representation by which he would actively participate in the trial proceedings. See United States v. Callwood, 66 F.3d 1110, 1113-14 (10th Cir.1995)