**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ELLISTON CALLWOOD,

    Defendant - Appellant.

No. 98-2021

(D.C. No. CIV-96-1735-JP)

(D. NM)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Defendant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Defendant, a prisoner in the Federal Correctional Center in Florence, Colorado, was convicted on six charges involving possession and distribution of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

marijuana and the use or carrying of a firearm under 18 U.S.C. § 924(c) in the United States District Court for the District of New Mexico. His convictions were affirmed on appeal to this court. See United States v. Callwood, 66 F.3d 1110 (10th Cir. 1995). Defendant then filed a *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in which he alleged ineffective assistance of counsel and various errors by the trial court and claimed that his firearms convictions were invalid under Bailey v. United States, 516 U.S. 137 (1995). The district court adopted the magistrate judge's Proposed Findings and Recommended Disposition and denied and dismissed the motion. Defendant seeks to appeal the district court's dismissal of his section 2255 motion and requests a certificate of appealability.[1]

On appeal Defendant makes the following arguments: (1) The district court was without jurisdiction to try and convict him; (2) the court erred in dismissing his section 2255 motion without an evidentiary hearing; (3) his firearms convictions are invalid because of the court's failure to give a proper jury instruction on 18 U.S.C. § 924(c); and (4) his appointed trial counsel was ineffective. Defendant also requests this court to order an evidentiary hearing on each of these issues.

---

[1] We grant Defendant's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

After thoroughly reviewing the record, we conclude that Defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Despite Defendant's argument to the contrary, the district court's original jurisdiction is well settled. See 18 U.S.C. § 3231; United States v. Lampley, 127 F.3d 1231, 1246 (10th Cir. 1997), cert. denied, __ U.S. __ , 118 S. Ct. 1098 (1998). We agree with the findings and recommendation of the magistrate judge, as adopted by the district court in its Order filed December 31, 1997, that none of the issues presented by Defendant gives rise to relief under 18 U.S.C. § 2255.[2] See also United States v. Durham, 139 F.3d 1325, 1334-1336 (10th Cir. 1998) (holding that conviction of using and carrying a firearm was valid after Bailey because the jury's verdict "necessarily embraced all the elements of a 'carrying' violation") (citation omitted), petition for cert. filed, (U.S. June 22, 1998) (No. 97-9687). Because the record conclusively shows that Defendant is entitled to no relief, the district court did not err by dismissing the motion without a hearing. See 28 U.S.C. § 2255. Accordingly, we decline to

---

[2] We note that the Supreme Court's recent clarification of the meaning of "carry" under 18 U.S.C. § 924(c) does not change the result in this case. See Muscarello v. United States, __ U.S. __ , 118 S. Ct. 1911 (1998).

issue Defendant a certificate of appealability and dismiss the appeal.

DENIED and DISMISSED.

Entered for the Court


Monroe Mckay
Circuit Judge