**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT JAY BERNHARDT,

    Defendant - Appellant.

No. 98-1464

(D. Colorado)

(D.C. No. 96-CR-203-S)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Following a jury trial, Robert Jay Bernhardt was convicted of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), 846 (count I); possession and the attempted possession with intent to distribute a controlled substance, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A), 18 U.S.C. § 2 (counts II and IX); and using or carrying a firearm in connection with a drug trafficking offense, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 924(c) (counts III and X).  He now appeals from his conviction and sentence, contending that the district court erred by (1) denying his motion to sever his trial from the trial of his codefendant; (2) finding the evidence sufficient to establish a single conspiracy as charged; (3) admitting statements of coconspirators; and (4) imposing an improper sentence.  Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

In March 1996, an informant advised federal agents that Bernhardt was moving methamphetamine from California to Colorado in exchange for weapons, explosives and money. R. Vol. 8 at 55-56.  [1]  The agents set up an undercover operation to monitor the informant's negotiations and transactions with Bernhardt.

---

[1]All record designations refer to the common record which was previously filed in the companion case.  See note 2 infra.

Id. at 69. After several phone conversations between the informant and Bernhardt, on April 9, 1996, the informant and an undercover agent met Bernhardt's codefendant, James Eads, in a hotel room in California. R. Vol. 10 at 368, 370-71. The informant sold approximately one pound of methamphetamine to Eads, who paid with a combination of firearms, ammunition, and an explosive device, which he identified as coming from Bernhardt, and cash which he had obtained from another source. See R. Vol. 8 at 75-79, 90-96; R. Vol. 10 at 371-72; see also Appellant's App., Tab 1 at 22. During the exchange, the agent asked how to operate the explosive device, and Eads responded that the agent would have to speak to Bernhardt. R. Vol. 8 at 90-91.

In the weeks following the transaction with Eads, the agent and the informant made several phone calls to Bernhardt. R. Vol. 9 at 111, 116, 118, 122, 124. In those conversations the agent asked how to operate the explosive device which Eads had delivered, id. at 112, and both the agent and the informant arranged for a further exchange of weapons for methamphetamine. Around this same time, Bernhardt moved in with another acquaintance, Patrick, who also became involved in the arrangements. R. Vol. 9 at 128, 148; R. Vol. 10 at 375, 427-30.

Finally, on May 20, 1999, the agent met Patrick in Castle Rock, Colorado. R. Vol. 9 at 168. Patrick brought firearms and explosives to the meeting, which

he gave to the agent in exchange for two pounds of methamphetamine. After the agent received the firearms, Patrick was arrested. Eventually, Bernhardt, Eads, Patrick, and other alleged coconspirators were indicted. Three of the alleged coconspirators, including Patrick, pleaded guilty and became government witnesses. Two, including Eads, were tried with Bernhardt. The jury convicted both Bernhardt and Eads, [2] but it acquitted the third defendant.

## DISCUSSION

**A. <u>Denial of Motions for Severance</u>.** As his first claim on appeal, Bernhardt contends that the district court erred by denying his motions to be tried separately from his codefendants. We review the district court's denial of severance for an abuse of discretion. <u>United States v. Eads</u>, No. 98-1331, ___ F.3d ___, 1999 WL 626094, at *1 (10th Cir. Aug 18, 1999). Generally, "'a joint trial of the defendants who are charged with a single conspiracy in the same indictment is favored where proof of the charge is predicated upon the same evidence and alleged acts.'" <u>United States v. Flanagan</u>, 34 F.3d 949, 952 (10th Cir. 1994) (quoting <u>United States v. Hack</u>, 782 F.2d 862, 871 (10th Cir. 1986)).

---

[2]Following his conviction on three counts, Eads also brought an appeal, in which he made claims of error that are similar to some of the claims that Bernhardt now raises. We have recently affirmed Eads' conviction and sentence. See <u>United States v. Eads,</u> No. 98-1331, --- F.3d ----, 1999 WL 626094 (10th Cir. Aug 18, 1999).

However, pursuant to Fed. R. Crim. P. 14, the district court may grant a severance of defendants, if joinder appears to prejudice a defendant. See id. In considering a motion for severance, the district court must weigh the prejudice resulting from a joint trial of co-defendants against the expense and inconvenience of separate trials. See Eads, ___ F.3d at ___, 1999 WL 626094, at *1. When the risk of prejudice is not high, severance may not be necessary, especially if less drastic measures, such as limiting instructions, will suffice to cure any prejudice. See Zafiro v. United States, 506 U.S. 534, 539 (1993). In any event, in order to establish that the court abused its discretion by denying a severance motion, "'the defendant must show actual prejudice resulted from the denial.'" Eads, ___ F.3d at ___, 1999 WL 626094, at *1 (quoting United States v. Rodriguez-Aguirre, 108 F.3d 1228, 1233 (10th Cir. 1997).

In this case, the district court gave limiting instructions. However, Bernhardt contends the instructions were insufficient in light of the cumulative presentation of evidence against his codefendants. Thus, he argues that the government confused the evidence among the defendants, resulting in actual prejudice when the government attempted to introduce previously excluded evidence. Moreover, he cites the acquitted codefendant's request for leave to explore the same excluded evidence as showing the antagonism and conflict

between the defendants. Finally, he complains generally that the "spill-over" effect of other presentations prejudiced him.

Having reviewed the record, we conclude that, although there was some risk of prejudice to Bernhardt, the court's limiting instructions sufficiently addressed and cured any potential prejudice. See Eads, ___ F. 3d at ___, 1999 WL 626094, at *2 (noting the presumption that a jury follows such instructions). Accordingly, Bernhardt has not shown actual prejudice, and we find no abuse of discretion in the district court's denial of his motion to sever.

**B. Sufficiency of the Evidence–Conspiracy.** As his second claim of error, Bernhardt contends the evidence at trial was insufficient to prove the single conspiracy charged under the indictment.[3] "We review this challenge to the sufficiency of the evidence de novo, 'viewing the circumstantial and direct evidence along with the reasonable inferences therefrom in the light most favorable to the government, to determine whether a reasonable jury could find [Bernhardt] guilty of a single conspiracy beyond a reasonable doubt.'" Eads,

---

[3]Bernhardt also claims his conviction must be reversed because the variance between the single conspiracy charged under the indictment and the proof at trial (which, according to his argument, suggested multiple conspiracies) affected his substantial rights. Since we conclude that the evidence was sufficient to establish the single conspiracy charged, see discussion infra, we do not address Bernhardt's variance claim.

1999 WL 626094, at *2, ___ F.3d at ___ (quoting United States v. Vaziri, 164 F.3d 556, 565 (10th Cir.1999)). "'Conspiracy requires proof of (1) an agreement with another person to break the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement in the conspiracy; and (4) interdependence among the alleged conspirators.'" Id. However, each conspirator need not know either everything about the conspiracy or everyone else in the conspiracy, so long as he is generally aware of the scope and objective of the enterprise. See Eads, 1999 WL 626094, at *2, ___ F.3d at ___.

Count I of the Third Superceding Indictment charged Bernhardt and others with conspiring, from March 15, 1996, through June 10, 1996, to possess with intent to distribute methamphetamine and cocaine. Essentially Bernhardt asserts there is insufficient evidence to prove he was involved in the charged conspiracy, since he was physically absent when the two exchanges occurred. We disagree. The record reveals numerous conversations and arrangements between the informant, the agent, and Bernhardt, which resulted in Bernhardt's associates appearing for the actual exchanges.

As we noted in Eads, "[t]here was considerable evidence of an agreement and cooperation between Mr. Eads and Mr. Bernhardt." Eads, 1999 WL 626094, at *2, ___F.3d at ___. Likewise, there was considerable evidence of an agreement and cooperation between Bernhardt and Patrick. The fact that a

number of separate transactions may have been involved in the case does not necessarily establish the existence of a number of separate conspiracies, so long as the activities were aimed at "a common, illicit goal."    See United States v. Ailsworth , 138 F.3d 843, 851 (10th Cir. 1998) (internal quotations omitted).  In this case, there was considerable evidence to support a finding Bernhardt was the core conspirator, who knowingly managed each phase of a larger conspiracy.  Thus, a reasonable jury could have found that Bernhardt directed Eads and Patrick in order to accomplish the common conspiracy to possess and effect the distribution of drugs, and that all three, with knowledge of the larger venture, knowingly agreed to cooperate in furtherance of the conspiracy's objectives.

**C.  Hearsay Ruling  .**  In a related argument, Bernhardt claims that the district court erred by admitting his alleged coconspirators' hearsay statements under Fed. R. Evid. 801(d)(2)(E), because the evidence failed to establish a single conspiracy.  We review the district court's admission of hearsay statements of a coconspirator for abuse of discretion.     See United States v. Parra   , 2 F.3d 1058, 1068 (10th Cir. 1993).  Pursuant to Fed. R. Evid. 801(d)(2)(E), the court may properly admit coconspirator statements, if it finds "'by a preponderance of the evidence that:  1) a conspiracy existed, 2) the declarant and the defendant against whom the declarations are offered were members of the conspiracy, and 3) the

-8-

statements were made in the course of and in furtherance of the conspiracy.'"

Parra, 2 F.3d at 1069 (quoting United States v. Mobile Materials, Inc., 881 F.2d 866, 869 (10th Cir. 1989).

We have already found the evidence sufficient to support the jury's finding that Bernhardt participated in the single conspiracy as charged. Accordingly, Bernhardt's argument regarding the statements of coconspirators, which is based upon his asserted deficiencies in the proof of a single conspiracy, must also fail. The district court did not abuse its discretion in admitting Rule 801(d)(2)(E) evidence.

**D. Sentencing .** As his final claim of error, Bernhardt asserts that the district court improperly enhanced his sentence under 18 U.S.C. § 924(c)(1). The district court's application of 18 U.S.C. § 924(c) is a question of law which we review de novo. See United States v. Deal, 954 F.2d 262, 262-63 (5th Cir. 1992), aff'd, 508 U.S. 129 (1993).

In this case, Bernhardt was convicted of a conspiracy to distribute drugs under count I of the indictment. That count covered the time period between March 15, 1996, and June 10, 1996. Bernhardt was also convicted on two counts covering the separate underlying drug law violations. That is, he was convicted on count II, which concerned the transaction in California on April 9, 1996, and

he was convicted on count IX, which concerned the transaction in Colorado on May 20, 1996. He was additionally charged with and convicted on two counts of § 924(c)(1) violations. Count III covered the use of a firearm in connection with the California transaction, and Count X covered the use of a firearm in connection with the Colorado transaction. Both counts involved machine guns or explosive devices. [4]

On appeal, Bernhardt emphasizes his conspiracy conviction, arguing that a defendant convicted on only one predicate offense may be charged with only one violation of 18 U.S.C. § 924(c)(1). Appellant's Br. at 13. In support he cites United States v. Callwood, 66 F.3d 1110, 1114 (10th Cir. 1995). Bernhardt's reliance on Callwood is misplaced. Callwood simply notes that double jeopardy concerns will prevent consecutive sentences for multiple 924(c)(1) counts when the charges underlying the 924(c)(1) counts constitute only a single offense. See id. In this case, there is no issue of double jeopardy, nor does Bernhardt make such an argument.

---

[4]Pursuant to § 924(c)(1), any person "who, during and in relation to any . . . drug trafficking crime . . . , uses or carries a firearm," shall be sentenced to a consecutive, separate sentence, in addition to the punishment for the drug trafficking crime. If the firearm is a machine gun or a destructive device, the person shall be sentenced to an additional term of imprisonment of not less than 30 years, and, in the case of a second or subsequent conviction involving a machine gun or destructive device, the sentence shall be imprisonment for life. 18 U.S.C. § 924(c)(1).

As the Supreme Court has explained, if a defendant is charged with and convicted of separate offenses to which § 924(c) applies, the separate convictions on the associated § 924(c) counts can be used to determine previous and subsequent convictions.    See Deal v. United States  , 508 U.S. 129, 132-34 (1993). Because Bernhardt was convicted of the two separate and distinct drug violations, his two § 924(c)(1) convictions related to those underlying violations qualify as a previous and subsequent conviction.     Accordingly, the district court did not err in enhancing his sentence for the second § 924(c)(1) conviction.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-11-