**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

AHMAD R. SHAYESTEH,

    Defendant-Appellant.

No. 02-4061
(D.C. No. 2:01-CV-309-S)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

Ahmad R. Shayesteh, a federal prisoner convicted of drug possession charges proceeding pro se, appeals the district court's order denying his 28 U.S.C. § 2255 petition for a writ of habeas corpus. [1] On application to this court, Shayesteh obtained a certificate of appealability ("COA") with regard to the constitutionality of the police roadblock at which the contraband in his car was

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).

discovered.  He now seeks relief on the merits of his unconstitutional-roadblock

argument, as well as a COA on his claims that the police officer's questions at the

roadblock were unconstitutionally intrusive and that his attorney provided

ineffective assistance of counsel.  We exercise jurisdiction under 28 U.S.C.

§ 2253(a), and affirm the district court on the merits of the roadblock claim and

deny COA on the remaining claims.

## I

The facts underlying Shayesteh's conviction are set out in this court's order

and judgment affirming his conviction.  United States v. Shayesteh, No. 97-4111,

1998 WL 694500 (10th Cir. Oct. 6, 1998).  Briefly, the Utah Highway Patrol had

established a roadblock to check drivers' licenses and registrations and to look for

impaired drivers.  On May 29, 1995, Shayesteh was stopped at this roadblock and

after a brief interaction with the trooper, Shayesteh offered the trooper a search of

his trunk.  During the search, a drug-detection dog alerted on his luggage, which

contained the cocaine and methamphetamine for which he was convicted.  Before

trial and on direct appeal, Shayesteh sought to suppress the evidence on the

grounds that he was detained in violation of the order authorizing the roadblock,

his consent to the search was tainted by the illegal detention, and he did not

consent and the dog alert did not provide probable cause for a search.  Id. at **2.

After a pre-trial suppression hearing, a magistrate judge made findings of fact and

recommended that the suppression motion be denied. The district court adopted this recommendation without modification. Id. at **3-5.

A jury convicted Shayesteh of two counts of possessing a controlled substance with intent to distribute. The district court sentenced him to 262 months' imprisonment. On appeal, this court affirmed both the conviction and the sentence. United States v. Shayesteh, No. 97-4111, 1998 WL 694500 (10th Cir. Oct. 6, 1998), on reh'g, 1998 WL 839083 (10th Cir. Nov. 24, 1998), aff'd after remand, No. 99-4032, 2000 WL 121498 (10th Cir. Feb. 1, 2000). Shayesteh then filed a § 2255 motion, arguing that his conviction was obtained in violation of the Constitution, but the district court denied relief.

On appeal from this denial, Shayesteh raises the following claims: (1) the police roadblock had an unlawful purpose, (2) the trooper's questioning after he was cleared to leave but before he could merge into traffic was unconstitutional and so intrusive as to obviate his consent, and (3) his trial and appellate counsel provided ineffective assistance. He also complains that the district court improperly denied him leave to file a traverse to the government's response.

**II**

As noted above, Shayesteh obtained a COA on the question of the constitutionality of the police roadblock. Where a COA is granted, we review the district court's findings of fact for clear error and its conclusions of law de novo.

United States v. Mora, 293 F.3d 1213, 1216 (10th Cir.), cert. denied, 123 S. Ct. 388 (2002). Because Shayesteh appears pro se on appeal, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Shayesteh claims the roadblock was unconstitutional because its purpose was general crime control, in violation of the Fourth Amendment, as announced in City of Indianapolis v. Edmond, 531 U.S. 32 (2000). Edmond was announced after Shayesteh's conviction became final, but before he filed his § 2255 motion.

The government argues that the Fourth Amendment claim is procedurally barred because Shayesteh had a full and fair opportunity to raise it on direct review but failed to do so. Shayesteh contends that he did not have a full and fair opportunity to raise the challenge previously, as it would have been futile until Edmond was subsequently announced. Assuming without deciding that Edmond announced a new rule of law, however, Shayesteh could not avail himself of it here because his conviction became final before the new rule was announced. "Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Teague v. Lane, 489 U.S. 288, 310 (1989). Teague sets forth two exceptions: A new rule will apply retroactively if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or if it involves a "watershed rule

of criminal procedure." Id. at 311. The first exception does not apply to the Edmond rule, which prohibits roadblocks whose purposes are general crime control, because it does not involve protected private conduct. The second exception does not apply because Edmond does not announce a watershed rule of criminal procedure. In Mora, this court clarified the meaning of the watershed exception by stating, "[t]o qualify as a watershed rule of criminal procedure, the rule must not only improve the accuracy with which defendants are convicted or acquitted, but also . . . ." Mora, 293 F.3d at 1218-19 (quotations omitted). The exclusionary rule — excluding evidence drawn from searches found to violate the Fourth Amendment — does not improve the accuracy with which defendants are convicted or acquitted, and thus does not fall within the second exception. Thus, even if we accepted Shayesteh's position that the Fourth Amendment claim is not procedurally barred because it was not available until after Edmond was decided, the Edmond rule would not apply retroactively to Shayesteh's conviction.

In the alternative, Shayesteh claims that if Edmond did not announce a new rule, his attorney provided ineffective assistance of counsel by failing to challenge the constitutionality of the roadblock on direct review. See United States v. Cook, 997 F.2d 1312, 1318 (10th Cir. 1993) (holding that a Fourth Amendment claim is not procedurally barred if the failure to raise it on direct appeal is attributable to ineffective assistance of counsel). An ineffective

assistance of counsel claim is not procedurally barred if it was not raised on direct appeal. United States v. Galloway , 56 F.3d 1239, 1242-43 (10th Cir. 1995). To establish that counsel provided ineffective assistance, a defendant must show both that his attorney's representation was deficient and that the attorney's substandard performance prejudiced him. Strickland v. Washington , 466 U.S. 668, 687 (1984). "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue." United States v. Cook , 45 F.3d 388, 392 (10th Cir. 1995). We conclude that Shayesteh's attorney was reasonable in declining to raise the Fourth Amendment challenge because the district court found that the primary purpose of the roadblock was not general crime control, which would have defeated the claim under the law as it stood during Shayesteh's trial and direct appeal.

Even before Edmond was announced, the law in this circuit recognized that a roadblock established to check drivers' licenses and registrations would not withstand a constitutional challenge where the primary purpose was to search for drugs. United States v. Morales-Zamora , 974 F.2d 149, 151 (10th Cir. 1992). [2]

---

[2] Mr. Shayesteh is incorrect in claiming that Morales-Zamora was no longer good law at the time of his trial because it was overruled by United States v. Botero-Ospina, 71 F.3d 783 (10th Cir. 1995) (en banc). He asserts that because Botero-Ospina overruled United States v. Guzman, 864 F.2d 1512 (10th Cir. 1988), and because Morales-Zamora cited Guzman, Morales-Zamora was overruled. Botero-Ospina specifically had to do with traffic stops and is

(continued...)

Shayesteh persists in arguing that, contrary to the stated purposes of the roadblock, the real purpose of the roadblock was general crime control, including the interdiction of illicit drugs. He points to statements made by the police officers who were working at the roadblock admitting that the officers were looking for criminal activity in addition to checking drivers' licenses. Moreover, he argues that the presence of the drug-detection dog contributes to the showing of pretext.

At the suppression hearing, the magistrate judge applied Morales-Zamora and found that there was no evidence indicating that the primary purpose of the roadblock was for general law enforcement or for the interdiction of drugs. (R. Doc. 18, Att. 1 at 22.) The magistrate also concluded that the drug-detection dog was not being used to check vehicles, but instead, was in the vicinity of Shayesteh's car merely because it was taking exercise in an area near the roadblock. ( Id. at 19.) In denying Shayesteh's motion to suppress the evidence, the district court adopted the magistrate judge's findings of fact and conclusions of law. In light of these findings, it was reasonable for Shayesteh's attorney to decline to raise the Fourth Amendment challenge at trial and on direct review, given the deferential standard with which this court would have reviewed the

---

[2](...continued)
inapplicable to roadblocks. 71 F.3d at 786–87.

district court's findings.    See United States v. Callwood   , 66 F.3d 1110, 1112 (10th Cir. 1995) (holding that on an appeal from an order denying suppression, this court will review a district court's findings of fact for clear error and consider the evidence in the light most favorable to the government).

Shayesteh has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness.  Therefore, we need not address the prejudice prong.    Strickland , 466 U.S. at 697.  We hold that Shayesteh is not entitled to relief under § 2255 on his claim that the police roadblock was unconstitutional.

**III**

Shayesteh raises additional claims on appeal for which a COA was not granted.  First, he asserts that the district court erred in refusing to let him file a traverse to the government's pleading.  Second, he maintains that the intrusive nature of the trooper's questions at the roadblock violated the Fourth Amendment.  Finally, he asserts that his trial counsel was ineffective for various reasons unrelated to the roadblock issue, and that the cumulative effect of his counsel's errors deprived him of a fair trial.

We will not grant a COA unless the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  He must do so "by demonstrating 'reasonable jurists could debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" United States v. Espinoza-Saenz, 235 F.3d 501, 502 (10th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)) (further quotation omitted).

## A

We first dispose of the claim of error in refusing Shayesteh leave to file a traverse. We review the district court's decision to deny a reply brief for an abuse of discretion. See Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir. 1998). The proffered traverse was substantially cumulative to Shayesteh's eighty-two-page brief in support of his § 2255 motion, and the district court did not abuse its discretion in refusing the traverse.

## B

Mr. Shayesteh seeks a COA on his claim that his Fourth Amendment rights were violated by the intrusive nature of the questions the trooper asked him as he waited to merge safely into traffic after he had been cleared to proceed. The questions pertained to travel plans. See Shayesteh, 1998 WL 694500, at **1. Shayesteh argues that under United States v. Holt, 264 F.3d 1215 (10th Cir. 2001), police questioning may be unconstitutionally intrusive even if it does not extend the length of an otherwise lawful detention. Moreover, he argues that this claim is not procedurally barred because it relies on an intervening change in the

-9-

law. United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."). Even if Holt applies retroactively on collateral review, which we do not address, Holt does not apply to the present case because it involved questioning about a loaded weapon while the defendant was not free to go. Holt, 264 F.3d at 1218-19.

Shayesteh also alleges that he made this claim on direct appeal, but this court reviewed it under an incorrect standard of review. In fact, the direct appeal did not include the claim that the trooper's questions were impermissibly intrusive. Rather, the issue raised on appeal he claims was improperly reviewed was whether the trooper's questioning exceeded the scope of the roadblock authorization by detaining him after he was cleared to proceed. See Shayesteh, 1998 WL 694500, at **3. Therefore, we deny a COA because "[s]ection 2255 motions are not available to test the legality of matters which should have been raised on direct appeal," and Shayesteh has not shown cause and prejudice for failing to raise the issue there. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). The appeal is dismissed as to this claim.

## C

Finally, we consider Shayesteh's allegations that his trial counsel provided

ineffective assistance for failing to discuss a plea bargain, for continuing the trial for no good reason, for failing to investigate and prepare for trial, and for failure to object to the admission of evidence. He also claims that the cumulative effect of his counsel's errors deprived him of a fair trial. We have carefully reviewed the briefs and the record, and we have applied the Strickland standard set forth above. For substantially the same reasons underlying the district court's January 25, 2002 order denying relief under § 2255, we conclude that Shayesteh is not entitled to a COA because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The appeal is dismissed as to this claim.

## IV

Shayesteh's request to proceed without prepayment of costs or fees is **GRANTED**. His motion to reconsider his request for a COA is **DENIED**. The judgment of the United States District Court for the District of Utah is **AFFIRMED** as to the roadblock claim. The appeal is **DISMISSED** as to the remaining claims. The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge


-11-