F I L E D
United States Court of Appeals
Tenth Circuit

APR 22 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

CHRISTOPHER SHAWN TUTER,

Defendant-Appellee.

No. 02-5123
(D.C. No. 00-CR-18-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **PORFILIO** and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Christopher Shawn Tuter entered a conditional guilty plea to a nine-count

indictment charging him with one count of possession of a firearm and ammunition

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

after former conviction of a felony, 18 U.S.C. § 922(g)(1); six counts of

possession of an unregistered destructive device, 26 U.S.C. § 5861(d); one count

of possession of stolen explosives, 18 U.S.C. § 842(h); and one count of

possession of explosives after conviction of a prior felony, *id.* § 842(j). In his

guilty plea he reserved

> the right to appeal the district court's ruling on Proposition 4 of
> Tuter's Motion to Suppress Evidence (Wherein Tuter alleged "the
> search warrant was served in an unreasonable manner, in that in the
> process of conducting the search Government Agents exploded a
> destructive device in Defendant's house, causing unwarranted and
> unnecessary damage"), for which a hearing was held on March 28,
> 2002 and which was overruled by this Court.

Aplee Supp. App. at 12. [1]

On appeal from the district court's denial of a motion to suppress evidence,

we review its factual determinations for clear error, viewing the evidence in the

light most favorable to the government. *United States v. Callwood*, 66 F.3d 1110,

---

[1] Mr. Tuter entered his guilty plea after remand from a prior appeal in this case. *United States v. Tuter*, 240 F.3d 1292 (10th Cir.), *cert. denied*, 122 S. Ct. 195 (2001). In the prior appeal, we reversed the district court's order suppressing evidence discovered during the search of Mr. Tuter's residence. We held that although an anonymous tip stating that Mr. Tuter was making pipe bombs in his garage lacked sufficient indicia of reliability to establish probable cause for a warrant to search the residence, the officers obtaining and executing the warrant had acted in good faith, and suppression was therefore improper. *Id.* at 1298. On remand, the district court held an evidentiary hearing on the other grounds advanced by Mr. Tuter for suppression of the evidence, including the ground reserved for this appeal.

1112 (10th Cir. 1995). "We review de novo, however, the ultimate question of whether the search comported with the Fourth Amendment." *Id.*

Mr. Tuter seeks to suppress evidence found during a search of his house, on the grounds that the search was conducted in an unreasonable manner. The search was conducted by agents of the Bureau of Alcohol, Tobacco and Firearms (ATF) pursuant to a federal search warrant. In the course of executing the warrant, the agents discovered an ammunition can inside a gun safe. X-rays revealed that the can contained explosive items, including a pipe bomb. The ATF contacted the Tulsa Police Department bomb squad. Members of the bomb squad tipped the can over remotely and attempted to defuse the pipe bomb using a PAN disrupter. [2] The disrupter did not produce the anticipated result. Instead, the pipe bomb went off, damaging the bedroom in which it was located. A family cat, hiding under the bed, was injured during the explosion.

Mr. Tuter complains that the attempt to defuse the bomb was handled in an unreasonable manner. He asserts that agents should have removed the pipe bomb from his home before attempting to defuse it. Alternatively, they should have taken certain precautionary steps before attempting to defuse the bomb, such as placing sandbags around it, providing additional ventilation to the bedroom, and

---

[2] PAN stands for "percussion actuated nonelectric." Aplt. App. at 184. The PAN disrupter is designed to defuse a pipe bomb by firing a disintegrating projectile that will remove the end cap off the bomb. *Id.*

shutting off the utilities. Mr. Tuter's wife testified that ATF agents told them they were going to have to "detonate" the bomb, that someone yelled "fire in the hole" before it went off, and that agents left suddenly after the explosion, telling her "we'll be in touch."

The district court rejected Mr. Tuter's claim that the evidence against him should be suppressed, for three reasons. First, it found that all of the items that Mr. Tuter sought to suppress were found and seized before the explosion; therefore, the search and seizure themselves were not unreasonable. Second, the explosion was due to actions of the bomb squad, not the ATF which conducted the search. Finally, the district court concluded that the bomb squad had not acted unreasonably in the manner in which it attempted to defuse the pipe bomb.

Mr. Tuter argues that the Fourth Amendment was violated by the unreasonably executed search of his house. Citing *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997), he argues that the "reasonableness" inquiry does not end until after officers have departed the place to be searched. Therefore, he concludes, the fact that the unreasonable execution occurred after the pipe bomb had already been found was no bar to the conclusion that a Fourth Amendment violation occurred.

We fail to see, however, how Mr. Tuter's argument can justify suppression of any of the evidence in this case. The exclusionary rule "excludes in a federal

criminal prosecution *evidence obtained* by federal agents in violation of the defendant's Fourth Amendment rights." *Elkins v. United States*, 364 U.S. 206, 209 (1960) (emphasis added). None of the evidence sought to be suppressed here was discovered or obtained as a result of the bomb squad's allegedly unreasonable actions. The evidence had *already* been found, through a search apparently in compliance with Fourth Amendment standards, before the bomb squad attempted to disarm the bomb.

There is no basis here for invoking the exclusionary rule. Therefore, the district court acted properly in refusing to suppress the evidence.

Mr. Tuter attempts to raise a number of other arguments in support of suppression which are unrelated to the ground he reserved in his conditional guilty plea. Issues not reserved as part of a conditional plea are waived. *United States v. Finnigin*, 113 F.3d 1182, 1183 (10th Cir. 1997). We will therefore not consider the additional issues.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Judge